UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LARS KOIVUKANGAS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE; AND CITIBANK, N.A.,<br><br>Respondents. | 4:25-MC-108-RAL<br><br><br>OPINION AND ORDER GRANTING UNITED STATES' MOTION TO DISMISS PETITION TO QUASH |

Petitioner Lars Koivukangas moved to quash the third-party summons issued by the Internal Revenue Service (IRS) seeking information related to Koivukangas from Citibank, N.A (Citibank), under 26 U.S.C. § 7609(b)(2). Doc. 1. The United States now moves to dismiss the petition to quash. Doc. 12. Koivukangas has not responded to the motion to dismiss, so this Court refers to the petition to understand Koivukangas's position. The IRS complied fully with the notice provision of 26 U.S.C. § 7609(a)(2) by mailing the notice to Koivukangas's last known address, and Koivukangas did not move to quash the third-party summons until more than twenty days after the IRS sent notice, so there is an absence of a waiver of sovereign immunity to sue. Even if the petition had been timely filed, the United States has acted in good faith and Koivukangas is entitled to no relief.

## I. Background

In 1989, the United States signed a tax treaty with Finland that in relevant part requires the United States to exchange information with Finland that may be relevant to the carrying out of

1

Finnish tax laws. See Tax Convention with the Republic of Finland, IRS (1991), https://www.irs.gov/pub/irs-trty/finland.pdf; Doc. 13 at 4. When the United States ratified this treaty, it "became part of the law of the United States." Lidas, Inc. v. United States, 238 F.3d 1076, 1081 (9th Cir. 2001) (citing Barcardi Corp. of Am. v. Domenech, 311 U.S. 150, 161 (1940)) (discussing the legal force of the United States-France Income Tax Treaty). The IRS is "bound by law to employ the same procedures to obtain information requested by [Finland] pursuant to the [United States-Finland Tax] Treaty as it would employ in the investigation of a domestic tax liability." See id. (citing United States v. A. L. Burbank & Co., Ltd., 525 F.2d 9, 14–15 (2d Cir. 1975)).

On July 11, 2025, the Finnish Tax Authority sent the IRS an exchange of information request (EOI request), which asked that the IRS issue a summons to Citibank for information related to one of Citibank's customers, Koivukangas. Doc. 13 at 5. The Finnish Tax Authority is currently investigating Koivukangas to determine his Finnish civil tax liability for 2023 and 2024. See id. at 5–6. The Finnish Tax Authority had previously sought the information directly from Koivukangas by mail and email, but Koivukangas had not responded. Id. at 6. After determining that the Finnish Tax Authority's EOI request was valid under the United States-Finland Tax Treaty, the IRS on September 8, 2025, issued an administrative summons to Citibank for information concerning Koivukangas. Id. at 7. The IRS served the summons on Citibank by certified mail that same day. Id. "The Summons requested account information for the period from January 2023 through December 31, 2024, for accounts that may be owned, controlled, or are under the signatory authority of Mr. Koivukangas." Id. As of January 30, 2026, the IRS had not received any requested documents from Citibank. Id.

In addition to serving the summons on Citibank, under 26 U.S.C. § 7609, "on September 8, 2025, the IRS sent [] Koivukangas a notice of the Summons" by certified mail to the last address Koivukangas had provided the IRS, which was in South Dakota. Id. at 7–8. The IRS also sent a courtesy copy by registered mail to the Finnish address listed in the Finnish Tax Authority's request on September 11, 2025. Id. at 8, 13 n.11. In its mailings to Koivukangas, the IRS "included an explanation of Mr. Koivukangas's options under 26 U.S.C. § 7609(b)(2) to file a petition to quash the summons." Id. at 7–8.

Koivukangas filed a petition to quash the summons in this Court on October 6, 2025, which was twenty-eight days after the IRS sent notice of the summons to his last known address. Doc. 1. In a separately filed affidavit, Koivukangas wrote that he had been temporarily residing at an Airbnb in Naples, Florida beginning on September 7, 2025. Doc. 5. Koivukangas wrote that he learned that he had certified mail from the IRS on or about September 17 and 19, 2025, but he did not receive his forwarded mail concerning the third-party summons to Citibank until approximately September 28, 2025. Id. Koivukangas attached a receipt from Airbnb documenting his rental of a private room in Naples from September 7, 2025, to October 5, 2025. Id.

The United States now moves to dismiss the petition. Doc. 12. The United States argues that the petition should be dismissed as (1) the Court lacks subject matter jurisdiction over the case as the United States has not waived its sovereign immunity beyond the limited waiver allowing a proceeding to quash an IRS summons in 26 U.S.C. § 7609 and Koivukangas has failed to file a timely petition; (2) the Court lacks personal jurisdiction over the United States as Koivukangas has failed to establish the service of any Rule 4 summons on the United States or demonstrate that he effectuated service of process on the United States in accordance with Fed. R. Civ. P. 4(i); and (3) even if this Court had both subject matter and personal jurisdiction, the IRS issued the summons

in good faith. Doc. 13. Because the IRS complied fully with the notice provision of 26 U.S.C. § 7609(a)(2) by mailing the notice to Koivukangas's last known address and Koivukangas did not file his petition to quash until twenty-eight days after the IRS sent notice of the third-party summons, the absence of waiver of sovereign immunity requires dismissal of the petition for lack of subject matter jurisdiction.

## II.     Legal Standard

A challenge to subject matter jurisdiction under Rule 12(b)(1) can be either facial or factual in nature. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Regardless of whether the jurisdictional attack is facial or factual, the plaintiff has the burden of proving subject matter jurisdiction. V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). Under a facial attack to subject matter jurisdiction, the "court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Jones v. United States, 727 F.3d 844, 846 (8th Cir. 2013) (quoting Osborn, 918 F.2d at 729 n.6). As such, courts must accept a plaintiff's factual allegations as true and make all inferences in the plaintiff's favor but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Communs., LLC, 696 F.3d 766, 768–69 (8th Cir. 2012).

In contrast, where a factual attack is made on the court's subject matter jurisdiction, because "its very power to hear the case" is at issue, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," without transforming the motion into one for summary judgment. Osborn, 918 F.2d at 730 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)); see also Gould, Inc. v. Pechiney Ugine Kuhlmann, 853 F.2d 445, 451 (6th Cir. 1988) ("When a challenge is to the actual subject matter

jurisdiction of the court, as opposed to the sufficiency of the allegation of subject matter jurisdiction in the complaint which may be cured by an amendment to the pleading, the district court has the power to resolve any factual dispute regarding the existence of subject matter jurisdiction."). In a factual attack on a court's jurisdiction, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of [Rule] 12(b)(6) safeguards." Osborn, 918 F.2d at 729 n.6 (internal citation removed). In deciding a factual challenge to subject matter jurisdiction, the court need not view the evidence in the light most favorable to the non-moving party. See Osborn, 918 F.2d at 729 n.6, 730. A plaintiff has the burden of showing a waiver of sovereign immunity when suing the United States. Wright v. Langdeau, 158 F. Supp. 3d 825, 831 (D.S.D. 2016).

Here, the United States argues that a lack of subject matter jurisdiction because Koivukangas failed to file his petition to quash within the twenty-day window provided by 26 U.S.C. § 7609 and therefore, his petition falls outside of the terms set by the sovereign immunity waiver in § 7609. This is a factual challenge to this Court's subject matter jurisdiction, so this Court may consider matters outside of the pleadings. See Eagle v. United States, 692 F. Supp. 3d 864, 872 (D.S.D. 2023). Accordingly, the Background section contains information from the affidavits of IRS Agents Colon and Thomas and Koivukangas.

### III. Discussion

#### A. Sovereign Immunity due to Untimeliness under 26 U.S.C. § 7609(b)(2)(A)

"Sovereign immunity is jurisdictional in nature and deprives courts of the power to hear suits against the United States absent Congress's express consent." United States v. Miller, 604 U.S. 518, 527 (2025) (cleaned up and quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)). Waivers of sovereign immunity function as prerequisites for jurisdiction, and their terms must be strictly

construed in favor of the sovereign. Id. (citing Untied States v. Mitchell, 463 U.S. 206, 212 (1983)); Lane v. Pena, 518 U.S. 187, 192 (1996).

Section 7609 details the special procedures for third-party summons and contains a limited waiver of sovereign immunity. See 26 U.S.C. § 7609(b)(2)(A); Stringer v. United States, 776 F.2d 274, 275–76 (11th Cir. 1985) (per curiam); Gaetano v. United States, 994 F.3d 501, 506 (6th Cir. 2021) ("The United States' sovereign immunity waiver in § 7609 is limited by certain exceptions."). Under § 7609, the IRS must give notice of a third-party summons to any person who is identified in the summons within three days of the day on which such service of the summons is made. 26 U.S.C. § 7609(a)(1). "Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons." Id. "Such notice shall be sufficient if, on or before such third day, such notice . . . is mailed by certified or registered mail to the last known address of such person . . . ." Id. § 7609(a)(2). "If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice . . . ." Id. Under § 7609(b)(2), a person entitled to notice of a summons may begin a proceeding to quash such summons no later than the twentieth day after the day notice is given by the IRS. "The government's waiver of sovereign immunity ends—and thus jurisdiction ends—when the twenty-day limitation period has run." N. Am. Commc'ns, Inc. v. United States, No. CIV. 10-MC-56, 2010 WL 4024595, at *1 (D.S.D. Sept. 24, 2010) (quoting Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990)), report and recommendation adopted, No. CIV. 10-MC-56, 2010 WL 4024602 (D.S.D. Oct. 13, 2010).

On September 8, 2025, the IRS mailed Koivukangas notice of the summons by certified mail to his last known address as listed on his last tax form submitted to the IRS. Doc. 13 at 7–8.

6

The IRS mailed Koivukangas this notice the same day the IRS served the summons on Citibank by certified mail. Id. This notice included a copy of the summons and an explanation of Koivukangas's right to bring a proceeding to quash the summons. Id. The IRS also sent the notice by registered mail to an address in Finland provided by the Finnish Tax Authority. Id. The IRS thus complied with 26 U.S.C. § 7609 and provided Koivukangas with sufficient notice of the third-party summons. See Lidas, Inc., 238 F.3d at 1083 (finding that "[n]otice of the summons was more than sufficient" where IRS sent notice to last known address on an IRS tax form signed by petitioners as well as the address for the petitioner provided by foreign authorities); Cosme v. I.R.S., 708 F. Supp. 45, 47 (E.D.N.Y. 1989) (finding that "the IRS complied fully with the notice provision of 26 U.S.C. § 7609(a)(2) by mailing the notice to petitioners last known address").

Koivukangas did not begin the proceeding to quash the summons until October 6, 2025, twenty-eight days after the IRS mailed Koivukangas notice of the summons. Doc. 1. The twenty-day limitation period began to run on September 8. See 26 U.S.C. § 7609(b)(2)(A) ("[A]ny person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons *not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).*" (emphasis added)); Lidas, Inc., 238 F.3d at 1083; N. Am. Commc'ns, Inc., 2010 WL 4024595, at *1 (*"Notice is given on the date it is mailed."*); Berman v. United States, 264 F.3d 16, 19 (1st Cir. 2001) ("However, the statutory provisions, taken together and read carefully, literally say that the 20 days run from the date that notice is 'mailed.' Even brief research would reveal that the case law requires a motion to quash under section 7609 to be filed within 20 days of the mailing of the notice, not of its receipt.").[1] The United States'

---

[1] The twenty-day period running from the date of mailing under § 7609(b)(2)(A) is a short limitation period, made shorter by recent staffing decreases and other changes at the postal service

waiver of sovereign immunity in 26 U.S.C. § 7609 ended before October 6, "and thus jurisdiction ends." N. Am. Commc'ns, Inc., 2010 WL 4024595, at *1 (quoting Faber, 921 F.2d at 1119). Because this Court does not have subject matter jurisdiction, the petition must be dismissed. See Cosme, 708 F. Supp. at 47 (dismissing when petition was filed more than twenty days after notice was given).

### B. Issued in Good Faith

Even if this Court were to find that it had jurisdiction over the petition, Koivukangas still cannot prevail because the summons was issued in good faith. "To obtain enforcement of an administrative summons issued pursuant to 26 U.S.C. § 7602(2), the IRS need only demonstrate 'good faith' in issuing the summons." Lidas, Inc., 238 F.3d at 1081–82; see also United States v. John G. Mutschler & Assocs., Inc., 734 F.2d 363, 364 (8th Cir. 1984). In United States v. Powell, 379 U.S. 48 (1964), the Supreme Court laid out a four-part test to determine whether the IRS has made a prima facie showing of good faith. Under the Powell test, "[t]he IRS must show that: (1) the investigation will be conducted for a legitimate purpose; (2) the inquiry will be relevant to such purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed." Lidas, Inc., 238 F.3d at 1082 (citing Powell, 379 U.S. at 57–58). This test also applies to a summons issued "at the request of a tax treaty partner," and "the IRS need not establish the good faith of the requesting nation." Id. (citing United States v. Stuart, 489 U.S. 353 (1989)). The United States has the initial burden under the Powell test, but after a prima facie showing, the burden shifts to the petitioner to show an abuse of the court's process. See Powell, 379 U.S. at 57–58. "The IRS

---

leading to reports of delays in mail delivery. But this Court is not free to re-write the statute or broaden the waiver of sovereign immunity.

can satisfy this burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." Gomis Rabassa v. United States, No. 23-12445, 2024 WL 1435103, at *2 (11th Cir. Apr. 3, 2024) (per curiam) (quoting La Mura v. United States, 765 F.2d 974, 979 (11th Cir. 1985)).

The United States has attached two sworn affidavits to its motion, which establish the following: First, "[t]he Summons was issued pursuant to an exchange-for-information request from Finland pursuant to the U.S.-Finland Tax Treaty," which the IRS subsequently determined to be proper under the Treaty. Doc. 13 at 19 (citing Colon Decl. ¶¶ 5, 8; Thomas Decl. ¶ 21). Second, IRS agents have attested that the information the Summons is seeking may be relevant to the Finnish tax investigation as "bank and payment card account information may reflect where Mr. Koivukangas spent his time, his permanent or habitual abode, whether he maintained essential connections in Finland, his sources of income, and the amount of income," and "[t]herefore, the summonsed records directly involve income that may be Mr. Koivukangas' and may assist in the determination of Mr. Koivukangas' Finnish tax liability for 2023 and 2024." Id. at 19 (citing Colon Decl. ¶ 6; Thomas Decl. ¶ 20), 20. Third, the information the summons seeks is not in the possession of the IRS or the Finnish Tax Authority. Id. at 20–21 (citing Colon Decl. ¶ 14; Thomas Decl. ¶¶ 14, 16, 18). Fourth, the IRS has followed all administrative steps. Id. at 21 (citing Colon Decl. ¶¶ 8–11, 15–16; Thomas Decl. ¶¶ 15, 22).

The United States has made a prima facie showing under the Powell test. Fulfilling an obligation under a treaty and assisting foreign tax investigation are considered legitimate purposes under Powell. See Mazurek v. United States, 271 F.3d 226, 230 (5th Cir. 2001). The information sought by the IRS is relevant to the Finnish Tax Authority's investigation of Koivukangas. United States v. Norwest Corp., 116 F.3d 1227, 1233 (8th Cir. 1997) ("'Relevance' under the Powell test

does not depend, however, on whether the information sought would be relevant in an evidentiary sense, but merely whether that information might shed some light on the tax return." (citing United States v. Arthur Young & Co., 465 U.S. 805, 813–14, 813 n.11 (1984)). And finally, the IRS agent affidavits submitted with the United States' motion establish both that the information the summons seeks is not in the possession of the IRS or the Finnish Tax Authority and that the IRS has followed all administrative steps. La Mura, 765 F.2d at 979.

"The burden of proof on the taxpayer necessary to overcome a prima facie showing of proper purpose is a heavy one . . . ." United States v. Norwood, 420 F.3d 888, 893 (8th Cir. 2005). Koivukangas has not responded to the motion to dismiss, and neither his initial filings of the motion to quash, Doc. 1, nor his affidavit, Doc. 5, show an abuse of the court's process. See Powell, 379 U.S. at 57–58.

First, although Koivukangas argues that he has no ties to Finland and now is a permanent resident of the United States, Doc. 1 at 1, that is not relevant to the inquiry of whether the IRS issued the summons in good faith. See Mazurek, 271 F.3d at 231 (explaining that petitioner "incorrectly conflate[d] his challenge to his residency determination and the alleged illegitimacy of the [French Tax Authority's] investigation"); Panton v. United States, 780 F. Supp. 797, 803 (S.D. Fla. 1991) (stating that "a proceeding regarding the validity of a summons is simply not the proper forum in which to raise issues pertaining to whether tax liability exists in the first place"). In addition, the United States-Finland Tax Treaty applies to "persons who are residents of one or both of the Contracting States," and in addition, "the term 'citizen' shall include a former citizen whose loss of citizenship had as one of its principal purposes the avoidance of tax, but only for a period of 10 years following such loss." United States-Finland Tax Treaty, art. 1, ¶¶ 2–3.

Koivukangas also argues that the request is overbroad and that "[t]he summons is being used as a proxy for foreign civil or criminal enforcement." Doc. 1 at 1–2. "Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge . . . . that give rise to a plausible inference of improper motive." United States v. Clarke, 573 U.S. 248, 254 (2014). In his filings, Koivukangas has failed to offer credible evidence that gives rise to a plausible inference of improper motive. In addition, "[t]he Fourth Amendment's requirement of reasonableness in the context of the compelled production of documents is satisfied where the documents sought are relevant to a properly authorized inquiry, and where the specification of the documents is adequate, but not excessive, for the purposes of the relevant inquiry." Norwood, 420 F.3d at 896 (cleaned up and citation omitted); see also United States v. Medlin, 986 F.2d 463, 467 (11th Cir. 1993) ("An IRS summons is overbroad if it does not advise the summoned party what is required of him with sufficient specificity to permit him to respond adequately to the summons." (cleaned up and citation omitted)). The Eighth Circuit has clarified that "broadness alone is not sufficient justification to refuse enforcement of a [summons] so long as the material sought is relevant." Norwood, 420 F.3d at 896 (citation omitted). Here, the summons requested eight types of account information for a specific two-year period from January 2023 through December 2024, related to accounts at one bank, Citibank, that may be owned, controlled, or are under the signatory authority of Koivukangas. See Doc. 14-1 at 11 (Summons). The information sought in the summons is relevant to the EOI request and not overbroad.

To the degree that Koivukangas is alleging that Finland is undertaking a proxy criminal investigation, other circuits have held that "[r]equiring district courts and the IRS to look into the good faith of the requesting country's investigation would . . . unwisely necessitate an inquiry into the propriety of the" foreign tax authority's actions under foreign law. Mazurek, 271 F.3d at 231–

32. "So long as the IRS itself acts in good faith, as that term was explicated in [Powell], and complies with applicable statutes, it is entitled to enforcement of its summons," Stuart, 489 U.S. at 370, and the IRS "need not also attest to—much lest prove—the good faith of the requesting nation," Mazurek, 271 F.3d at 231. See also Stuart, 489 U.S. at 356 ("So long as the summons meets statutory requirements and is issued in good faith, as we defined that term in [Powell], compliance is required, whether or not the [foreign] tax investigation is directed toward criminal prosecution under [foreign] law.").

Koivukangas finally argues that his "Fourth and Fifth Amendment rights are implicated by this extraterritorial fishing expedition." Doc. 1 at 2. However, as noted by other district courts, "summonses issued to third-party financial institutions do not implicate a taxpayers' Fourth or Fifth Amendment rights," and therefore, this argument is not meritorious. See Alvarez v. United States, No. 24-CV-08079, 2025 WL 2780786, at *3 (N.D. Cal. Sept. 30, 2025) (citing United States v. Miller, 425 U.S. 435, 442–43 (1976) (Fourth Amendment); Fisher v. United States, 425 U.S. 391, 397–98 (1976) (Fifth Amendment)).

The IRS has demonstrated good faith in issuing the summons and may enforce the administrative summons issued pursuant to 26 U.S.C. § 7602(2), and Title 26 authorizes both the collection and disclosure to Finland of Koivukangas's financial information in possession of Citibank. Lidas, Inc., 238 F.3d at 1081–84.

### IV. Conclusion

Based on the foregoing, it is hereby

ORDERED that the United States' Motion to Dismiss the Petition to Quash, Doc. 12, is granted. It is further

ORDERED that Koivukangas's Petition to Quash, Doc. 1, is dismissed for lack of subject matter jurisdiction. The IRS may enforce the summons.

DATED this 20th day of February, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE